**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**TIMOTHY R. WILLIAMS,**

      **Plaintiff,**

**v.**                                      **CASE NO. 3:08-cv-358-LC/AK**

**ELLIS SUPERINTENDENT, et al,**

      **Defendants.**

_____/

**O R D E R**

Presently before the Court is Plaintiff's Motion to Extend Time to submit the partial filing fee directed by Order dated October 24, 2008 (doc. 9).  (Doc. 14).  The fee was paid on April 23, 2009, and the motion (doc. 14) is now **MOOT**.

Consequently, the complaint has been reviewed pursuant to 28 U.S.C. §1915A, and it is evident that the facts as presented fail to state a claim upon which relief can be granted.  Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he was denied surgery for his hernia because of a money shortage and that this constitutes deliberate indifference to his serious medical needs. He complains that Defendant Collins told him that the Chief Health Officer denied his surgery because of money and Defendant Taylor responded to his grievance to say that is was not about money.  Plaintiff does not state what Defendant Ellis did with regard to his medical care.

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001). The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. This is defined as

requiring (1) an "aware[ness] of facts from which the inference could be drawn that a

substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference."

Farmer, 511 U.S. at 837.  In sum, in a claim of denial of medical attention under the

Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious

need, an objectively insufficient response to that need, subjective awareness of facts

signaling the need, and an actual inference of required action from those facts."  Taylor,

221 F.3d at 1258.

　　　　To show the factors set forth above, Plaintiff must name the Defendants and

provide details such as dates of when he asked for medical care and from whom, and

dates when he received it and from whom.  He should name as Defendants those

persons who actually made decisions about his health care, not those persons who told

him what the decisions were.  From the facts provided in the complaint, it appears that

Defendants Collins and Taylor are being sued because they informed of decisions that

other persons made.

　　　　In amending, Plaintiff should carefully review the foregoing to determine

whether he can present allegations sufficient to state a cause of action under the

relevant law.  If Plaintiff is able to file an amended complaint, he must name as

Defendants only those persons who are responsible for the alleged constitutional

violations.  Plaintiff must place their full names in the style of the case on the first

page of the civil rights complaint form and in the other appropriate sections of the

form.  Further, Plaintiff should clearly describe how each named Defendant is

involved in each alleged constitutional violation.  In civil rights cases, more than

conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **May 19, 2009.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4.  Plaintiff's Motion to Extend Time to pay the partial filing fee (doc. 14) is

**DEEMED MOOT**.

**DONE AND ORDERED** this __*4*__<sup></sup> day of May, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**