UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY WILLIAMS,

    Plaintiff,

v.                                                      Case No.  3:08-cv-358-LC-GRJ

WALTER MCNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion For Summary Judgment (Doc. 75). Plaintiff was afforded an opportunity to respond but did not. Accordingly, this matter is ripe for review. For the reasons discussed below, Defendants' Motion for Summary Judgment (Doc. 75) is due to be **GRANTED.**

## I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that he was medically diagnosed with an inguinal hernia on February 29, 2008, and was denied medical treatment in violation of his Eighth Amendment rights. Doc. 27. Plaintiff alleges he was improperly denied surgery to repair his hernia for approximately 18 months.

Plaintiff entered the custody of the Florida Department of Corrections (hereafter "the Department") on February 28, 2008. Def. Exh. A. Medical records indicate that upon his arrival in the Department's custody, Plaintiff had an inguinal hernia in his groin area that he reported had become larger over the past year. Def. Exh. B, pp. 5-9, 11. Staff at the Reception and Medical Center (RMC) determined that Plaintiff's hernia

should be evaluated by a surgeon. Def. Exh. B, p. 11. Plaintiff was subsequently seen in the RMC surgery clinic by Dr. Kenneth Hagan on March 26, 2008. Def. Exh. B, pp. 8-9, 12. On April 4, 2008, medical staff at Santa Rosa C.I. completed a Consultation Request for Plaintiff to be scheduled for hernia repair surgery with Dr. Hagan. Def. Exh. B, pp. 16-17. The Consultation Request was denied on May 12, 2008, by the Department's Utilization Management Department, which determined that Plaintiff's primary care physician could manage the hernia conservatively. The letter denying surgery authorization included a provision for resubmission of the request. Def. Exh. B, p. 10. Plaintiff's consultation request was not resubmitted at that time.

On May 8, 2008, Plaintiff submitted an inmate request to medical at Santa Rosa C.I. asking when his surgery would be performed. The response provided to Plaintiff indicated that Plaintiff's surgery was denied due to a shortage of funds. On May 19, 2008, Plaintiff submitted an informal grievance to Santa Rosa C.I. requesting surgery. The response of May 23, 2008, provided to Plaintiff clarified that Plaintiff was denied surgery because he did not meet the criteria for the surgery, not due to monetary concerns. Def. Exh. B, pp. 20-21.

On June 4, 2008, Plaintiff submitted a formal grievance to Santa Rosa C.I. requesting surgery. Plaintiff's grievance was denied by the Chief Health Officer and subsequently reviewed and signed by the Assistant Warden of Programs. Def. Exh. C, p. 5. On June 18, 2008, Plaintiff filed a formal grievance to Central Office, requesting surgery. Plaintiff's grievance was denied; Dr. Johanson, Deputy Assistant Secretary for Health Services, determined that surgery was not clinically indicated. Def. Exh. B, p. 26.

On January 29, 2009, Plaintiff was seen in medical at Wakulla C.I. for a follow-up evaluation of his hernia. Def. Exh. B, p. 28. During this evaluation, medical staff observed that Plaintiff's hernia had increased in size (from the size of a baseball at Plaintiff's initial entry into Department custody to the size of a grapefruit) and was causing him pain. Medical staff determined that the hernia was non-reducible. On April 17, 2009, a surgical consultation request was submitted to RMC. On June 30, 2009, Plaintiff was transferred to RMC, and on July 8, 2009, Plaintiff received right inguinal hernia repair surgery. Def. Exh. B., pp. 32-48.

Plaintiff initiated this lawsuit on August 25, 2008 (Doc. 1) and filed the first amended complaint on August 10, 2009, claiming violations of the Eighth Amendment. Plaintiff seeks compensatory damages in the amount of $15,000 for denial of medical care and pain and suffering while awaiting surgery. He also seeks punitive damages of $15,000 against each defendant. Doc. 27. Defendants in the case are Walter A. McNeil, Secretary of the Florida Department of Corrections and David Ellis, former Warden at Santa Rosa C.I.[1]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other

---

[1] A third defendant, Dr. D. Collins, was not served. By this Court's Order of November 17, 2010 (Doc. 72), the Court has exhausted efforts to locate Dr. Collins for service. Plaintiff has not provided the Court with any further information to assist the Court in locating Dr. Collins.

3

evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

### III. DISCUSSION

#### A. *Respondeat Superior*

The Defendants in this case are the Secretary of the Department of Corrections and the Warden of Santa Rosa C.I. According to the undisputed material facts, neither Defendant is alleged to have directly deprived Plaintiff of his constitutional rights under the Eighth Amendment. To the extent Plaintiff attempts to hold Defendants liable for the actions of their subordinates, Plaintiff is not entitled to relief. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *See La Marca v. Turner*, 995 F.2d 1526 (11th Cir. 1993); *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982). Unless control is exercised, liability under § 1983 is not available. *Geter v. Willie*, 846 F.2d 1352, 1355 (11th Cir. 1988); *Monell v. Dep't of Social Services,* 436 U.S. 658, 694 n. 58 (1979). Plaintiff does not allege that either defendant exercised control or discretion

over the medical decisions he contends violated his constitutional rights.  Thus, Plaintiff has failed to bring suit against proper Defendants and on that ground summary judgment is warranted in favor of Defendants.

**B.  Eleventh Amendment and Qualified Immunity**

Even if Defendants were proper parties to the suit, they would be entitled to either Eleventh Amendment or qualified immunity.  Plaintiff has not alleged whether he is suing Defendants in their official or individual capacities.

The Eleventh Amendment proscribes suits against States, their agencies, or departments.  *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  "Under the Eleventh Amendment, state officials sued for damages in their official capacities are immune from suit in federal court."  *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Accordingly, to the extent Defendants are being sued in their official capacity for compensatory and punitive damages, the defendants are immune from suit under the Eleventh Amendment immunity and, therefore, this Court would be barred from exercising jurisdiction over this lawsuit.  *See Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 778 (2000).

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Andujar v. Rodriguez,* 486 F.3d 1199,1202 (11th Cir. 2007) (citations omitted); *Brandon v. Holt,* 469 U.S. 464, 472-73 (1985).  Further, qualified immunity is only available in suits for damages.  *See, e.g., Ashcroft v. al-Kidd,* ___ U.S. ___, 2011 U.S.

LEXIS 4021, **7 ("Qualified immunity shields federal and state officials from money damages"); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An official wishing to invoke the affirmative defense of qualified immunity must have been acting within his discretionary authority. *Skop v. City of Atlanta, Georgia,* 485 F.3d 1130, 1136 (11th Cir. 2007).

There are two prongs to a qualified immunity test, whereby the plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004). The U.S. Supreme Court has held that lower courts are permitted to exercise discretion in deciding which prong of the test to address first. *Pearson v. Callahan,* ___ U.S. ___, 129 S. Ct. 808, 818 (2009).

To the extent Plaintiff is suing Defendants in their individual capacities, the Defendants are entitled to qualified immunity because Defendants did not violate a constitutional right (as discussed in detail below). Accordingly, because Plaintiff has failed to establish that the defendants violated a constitutional right, the Defendants are entitled to qualified immunity from suit.

## C.  Eighth Amendment

Even assuming *arguendo* that Plaintiff had brought claims against the individuals involved in the surgery decisions summary judgment is due to be granted because Plaintiff cannot establish that a violation of the Eighth Amendment occurred.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment

violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]"  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference.  *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") (quoting

*Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."); *Palazon v. Secretary for the Dep't of Corrections,* 361 Fed. Appx. 88, 89 (11th Cir. 2010) (unpublished opinion) (affirming summary judgment in favor of defendants where plaintiffs alleged that delay in providing surgery for reducible inguinal hernias constituted an Eighth Amendment violation).

    Plaintiff suffered from a chronic inguinal hernia upon entering the custody of the Department and received conservative treatment and accommodations such as a low bunk pass for this condition.  Two of the Department's physicians independently determined, upon review of Plaintiff's medical records, that surgery to repair the hernia was not clinically indicated.  Def. Exh. B., pp. 10, 26.  When Plaintiff's condition worsened, surgery was requested again and eventually performed.

     Plaintiff disputes the medical judgment of the physicians who denied his surgery request and the timely provision of corrective treatment.  Such differences of medical opinion generally will not support a claim of deliberative indifference, and no egregious circumstances are alleged here that would necessitate a ruling to the contrary.  Having carefully reviewed the record, this Court concludes that Plaintiff has failed to show how the alleged shortcomings in medical care were so deficient to arise to the level of an

Eighth Amendment violation. *Palazon,* 361 Fed. Appx. at ("Any delay in receiving surgery was because the hernia remained treatable without surgery. That [plaintiff] felt he should have had surgery earlier than he did is insufficient to support a deliberate indifference claim.")  Defendants are, therefore, entitled to summary judgment in their favor.

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion For Summary Judgment (Doc.75) should be **GRANTED**.

**IN CHAMBERS**  this 13th day of July 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**